UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HARRISON ET AL.**,

   Plaintiff,

v.     Case No. 8:24-cv-01610-WFJ-NHA

**UNITED STATES OF AMERICA**,

   Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Michael and Robyn Harrison ("Harrisons") sue the United States of America ("United States") for torts under the Federal Tort Claims Act ("FTCA"). Dkt. 2 at 4–5. The Harrisons assert that they sustained injuries from a United States Postal Service ("USPS") vehicle colliding with their car on July 9, 2022. Dkt. 2 at 3. The Harrisons timely submitted claims to the USPS and timely filed their complaint with the Court on July 8, 2024. Dkt. 2; Dkt. 2-4; Dkt. 2-5 at 1; Dkt. 2-2; Dkt. 2-3 at 1. The Harrisons' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), sent a demand letter detailing their claim to USPS on September 10, 2024. Dkt. 16-3 at 1. State Farm then intervened unopposed as the Harrisons' subrogee on November 14, 2024. Dkt. 14. Before the Court is the United States' motion to dismiss State Farm. Dkt. 16. The Court denies this motion.

1

## BACKGROUND

On July 9, 2022, a USPS vehicle collided with Plaintiff Harrisons' car. Dkt. 2 at 3. Plaintiffs assert that this accident caused their injuries. Dkt. 2 at 4. On May 2, 2023, Plaintiff Robyn Harrison filed a claim with USPS. Dkt. 2-4; Dkt. 2-5 at 1. On December 4, 2023, Plaintiff Michael Harrison filed a claim with USPS. Dkt. 2-2; Dkt. 2-3 at 1. In Plaintiffs' respective filings, they referenced State Farm's interest as an insurer and subrogee and stated that State Farm compensated them. Dkt. 2-2 at 2; Dkt. 2-4 at 2. Plaintiff Michael Harrison's Form 95 stated in box eighteen that he "received PIP benefits in the amount of $10,000.00 to cover initial medical expenses . . . ." Dkt. 2-2 at 2. USPS referred both complaints to the National Tort Center, a department of the USPS, on August 7, 2023, and April 11, 2024, respectively. Dkt. 2-3 at 1; Dkt. 2-5 at 1. The USPS did not respond to either claim within six months, by November 2, 2023, and June 4, 2024, respectively. Dkt. 2 at 2; Dkt. 2-3 at 1; Dkt. 2-5 at 1. As a result, on July 8, 2024, the Harrisons filed a complaint in this Court against Defendant United States, commencing the litigation. Dkt. 2 at 4–5.

On September 10, 2024, counsel on behalf of Intervenor State Farm sent a demand letter to USPS detailing their claim to "12,697.44," which "includes a damage claim amount of $10,552.69, interest of $1,644.75 and the insured's deductible of $500.00." Dkt. 16-3 at 1. Counsel attached to that demand letter Plaintiff Michael Harrison's Form 95. Dkt. 16-3 at 2–3. On November 13, 2024,

2

Intervenor State Farm filed an unopposed motion to intervene as Plaintiffs' subrogee, Dkt. 13, which was granted by the Court on November 14, 2024, Dkt. 14.

Intervenor's complaint was filed on November 18, 2024, and enclosed Plaintiff Michael Harrison's Form 95. Dkt. 15; Dkt. 15-1. Defendant now seeks to dismiss Intervenor's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. 16 at 1. Defendant's motion included several attachments: Plaintiff Robyn Harrison's Form 95, Dkt. 16-1, Plaintiff Michael Harrison's Form 95, Dkt. 16-2, and Intervenor's demand letter, Dkt. 16-3, which encloses another copy of Michael Harrison's Form 95. For the following reasons, the Defendant's motion is denied.

## LEGAL STANDARD

I. <u>Defendant's 12(b)(1) Motion to Dismiss Is Decided Under Rule 12(b)(6) Because the FTCA's Limitations Period Is Nonjurisdictional</u>

Defendant seeks to dismiss Intervenor's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant contends that the Court lacks subject matter jurisdiction over Intervenor's complaint because it is time-barred under 28 U.S.C. Section 2401(b). However, Section 2401(b) is nonjurisdictional. *See United States v. Wong*, 575 U.S. 402, 420 (2015). A panel of the Eleventh Circuit treated a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction arising from Section 2401(b), instead, as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Harris v. United States*, 627 F. App'x 877,

3

878–79 (11th Cir. 2015) (per curiam); *see also, e.g.*, *Chaverra v. United States*, No. 4:19-CV-81(CDL), 2020 WL 5579554, at *1 (M.D. Ga. Sept. 17, 2020) (similar). *But cf. Campbell v. United States*, No. 5:18-CV-457-CHW, 2019 WL 13301433, at *3–4 (M.D. Ga. Apr. 4, 2019) (deciding that a Rule 12(b)(1) motion was proper where the claim was made within the limitations period and was thus arising from the Section 2675(a) exhaustion requirement). The Court does the same.

II. Legal Standard for Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted.

A complaint withstands dismissal under Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, all facts, and not legal conclusions, are accepted as true and all reasonable inferences from those facts are viewed in the light most favorable to the plaintiff. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556)); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "legal conclusions masquerading as facts" will not prevent dismissal).

III. On the Attachments to Defendant's Motion, the Court Does Not Consider Intervenor's Demand Letter but May Consider Plaintiffs' Form 95s Under the Incorporation by Reference Doctrine.

Courts generally may not consider materials outside of the complaint when deciding a motion to dismiss without converting it into a summary judgment motion. Fed. R. Civ. P. 12(d); *SFM Holdings Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, the "incorporation by reference" doctrine exception may apply to "a document attached to a motion to dismiss." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal quotations omitted) (quoting *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999)) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)).

While this common law exception to Rule 12(d) has two prongs, "centrality" and "reference," Laura Geary, Note, *The Exception to Rule 12(d): Incorporation by Reference of Matters Outside the Pleadings*, 89 U. Chi. L. Rev. 979, 999–1009 (2022), the Eleventh Circuit treats these prongs conjunctively under "centrality," *Booth v. City of Roswell*, 754 F. App'x 834, 836 (11th Cir. 2018), and includes a third "undisputed" element, *Horsley*, 304 F.3d at 1134. For a document to be "so central to the claim," it must have "served as a basis of the complaint." *Bryant v. Avado Brands*, 187 F.3d 1271, 1280 n.16 (11th Cir. 1999); *Basson v. Mortgage Elec. Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) (citing *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005)). "[W]hen the plaintiff refers to the document in his complaint, it is central to his claims . . . ." *Booth*, 754 F. App'x at

5

836. Undisputed in this context "means that the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

### A. The Court Does Not Consider Intervenor's Demand Letter to USPS Because It Is Not Central to Intervenor's Complaint.

Defendant introduces Intervenor's demand letter to USPS, Dkt. 16-3, as an attachment to its motion to dismiss, Dkt. 16. Although probably undisputed, this document is not "central" to the Intervenor's complaint. Cases in this regard vary. *See, e.g.*, *Burnette v. Veterans Healthcare Sys. Of Ala.*, No. 2:17-CV-720-MHT, 2018 WL 3119061, at *3 (M.D. Ala. June 7, 2018); *Hendley v. United States*, No. 7:17-CV-195 (HL), 2019 WL 861392, at *2–3 (M.D. Ga. Feb. 22, 2019); *Hunt v. U.S. Dep't of Veterans Affairs*, No. 18-9443 (KM/JBC), 2019 WL 1236835, at *4 n.3 (D.N.J. Mar. 14, 2019); *Worthy v. United States*, No. 1:21-CV-1032-TWT-JSA, 2021 WL 12271636, at *7–8 (N.D. Ga. Aug. 10, 2021).

Intervenor's complaint does not reference nor rely on the demand letter. Dkt. 15. To address Defendant's contention, Intervenor's complaint instead "piggybacks" on Plaintiffs filings, referring only to those filings. Dkt. 15 at 1–2; *see Malster v. United States*, No. 2:06-CV-0833, 2007 WL 1724922, at *5 (S.D. Ohio June 12, 2007). The demand letter is not "necessary," nor did it serve as "a basis of the [Intervenor's] complaint." *See Day*, 400 F.3d at 1276 (finding that a document attached to the defendant's motion formed "a necessary part of [the plaintiff's] effort

to make out a claim"); *Bryant*, 187 F.3d at 1280 n.16. The impact and timeliness of the demand letter may be addressed in a summary judgment procedure.

### B. The Court May Consider Plaintiffs' Form 95 Claims to USPS Because They Are Undisputed and Central to the Complaint.

Defendant attaches Plaintiffs' Form 95 claims to USPS to its motion to dismiss. Dkt. 16; Dkt 16-1; Dkt. 16-2. These documents are undisputed because Intervenor attaches at least Plaintiff Michael Harrison's Form 95 in both its complaint, Dkt. 15-1, and response, Dkt. 18-1, refers to both documents in each, Dkt. 15 at 1–2; Dkt. 18 at 2–3, and does not dispute the authenticity of either document.

Both documents are central to the Intervenor's complaint. The Intervenor refers to at least Plaintiff Michael Harrison's Form 95 in its complaint, Dkt. 15 at 1–2, and attaches that document to the complaint, Dkt. 15-1. Although the Intervenor's complaint refers only to Plaintiff Michael as subrogor, Dkt. 15 at 2, the Intervenor's response refers to both Plaintiffs as Intervenor's "subrogors," Dkt. 18 at 3. Moreover, both Form SF-95s refer to Intervenor's "subrogation claim." Dkt 16-1 at 2; Dkt. 16-2 at 2. As a subrogee, Intervenor's complaint is dependent on Plaintiffs' timely filing, and therefore both Plaintiffs' Form 95s are central to Intervenor's complaint. *See Basson*, 741 F. App'x at 771 (citing *Day*, 400 F.3d at 1275–76)).

## ANALYSIS

Defendant principally argues that the Court must dismiss Intervenor's complaint because Intervenor did not file a timely claim with the appropriate federal

7

agency, as required under Section 2401(a), and thus Intervenor's claim is precluded. Dkt. 16 at 3; Dkt. 20 at 2–4.

A claim must first be filed with "the appropriate federal agency" before an "action" can be "instituted" in federal district court. 28 U.S.C. § 2675(a). The claim must be presented to the federal agency "within two years after such claim *accrues*." *Id.* § 2401(b) (emphasis added). If the agency fails to "make a final disposition of a claim within six months after it is filed," the claimant has the option to commence the action in federal district court "any time thereafter." *Id.* § 2675(a). However, if the claimant receives a denial, the action must begin "within six months after the date of mailing of" the "notice of final denial." *Id.* § 2401(b).

The time at which a claim accrues for the purposes of Section 2401(b) is controlled by federal law. *Mendiola v. United States*, 401 F.2d 695, 698 (5th Cir. 1968) (quoting *Quinton v. United States*, 304 F.2d 234, 236 (5th Cir. 1962)). An FTCA claim relating to an automobile accident accrues at the time of the accident. *See Progressive Am. Ins. Co. v. United States*, 913 F. Supp. 2d 1318, 1322 (M.D. Fla. 2012) (quoting *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999)).

Intervenor's claim accrued when Defendant's vehicle collided with Plaintiffs' vehicle on July 9, 2022. Dkt. 15 at 2–3; *see Progressive*, 913 F. Supp. 2d at 1322. This is undisputed. Dkt. 16 at 2–3; Dkt. 18 at 2. It is also undisputed that (1) Plaintiffs' administrative claims were timely filed, Dkt. 16 at 1–2; Dkt. 18 at 2–3;

Dkt. 20 at 1, and (2) Intervenor did not timely file an administrative claim, Dkt. 16 at 6; Dkt. 18 at 2. The Court must decide whether, at this early stage in the case, Intervenor may, through subrogation, "piggyback" on Plaintiffs' administrative filing. *See Malster*, 2007 WL 1724922, at *5.

Defendant argues that, because subrogees "suffer[] from all of the liabilities to which the subrogor would be subject," Section 2401(b) applies against the subrogee, independently as subrogee. Dkt. 16 at 5–6 (internal quotations omitted) (quoting *Allstate Ins. Co. v. Metro. Dade Cnty.*, 436 So. 2d 976 (Fla. Ct. App. 1983)) (first citing *Great Am. Ins. Co. v. United States*, 575 F.2d 1031 (2d Cir. 1978); then citing *Progressive*, 913 F. Supp. 2d at 1324; and then citing *Liberty Am. Ins. Grp. v. U.S. Air Force*, No. 5:08CV35/RS/MD, 2008 WL 906848 (N.D. Fla. Apr. 1, 2008)). As such, Defendant continues, Intervenor is barred from recovering because Intervenor did not present a timely claim on its own. Dkt. 16 at 6. Intervenor counters that, because as subrogee it stands in the shoes of Plaintiffs, and Plaintiffs submitted timely claims on behalf of Intervenor's interest, Intervenor is not time-barred. Dkt. 18 at 4–6 (citing *Exec. Jet Aviation v. United States*, 507 F.2d 508 (6th Cir. 1974)). The Eleventh Circuit has not decided the issue presented here. The cases outside the Eleventh Circuit are in great dispute as to this issue.[1]

---

[1] *See* Great Am. Ins. Co. v. United States, 575 F.2d 1031, 1032–35 (2d Cir. 1978); Giambrone v. Meritplan Ins. Co., No. 13-CV-7377, 2017 WL 2303980, at *10 (E.D.N.Y. Feb. 2, 2017); Exec. Jet. Aviation v. United States, 507 F.2d 508, 515–17 (6th Cir. 1974); Shelton v. United States, 615 F.3d 713, 714 (6th Cir. 1980); Malster v. United States, No. 2:06-CV-0833, 2007 WL 1724922, at *5–6 (S.D. Ohio June 12, 2007); Lafferty v. United States, 880 F. Supp.

The case should develop further, and this nettlesome and highly contested issue will be addressed on the factual merits at summary judgment.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** Defendant's motion to dismiss Intervenor's complaint (Dkt. 16) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 6, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

1121, 1126 (E.D. Ky. 1995); Cadwalder v. United States, 45 F.3d 297, 301 n.4 (9th Cir. 1995); Sec. Nat'l Ins. Co. v. United States, No. 2:13-CV-01594-MCE-CKD, 2014 WL 546551, at *3–5 (E.D. Cal. Feb. 11, 2014), *aff'd*, 637 F. App'x 347 (9th Cir. 2016); Holloway v. United States, No. 2:12-CV-02120-MCE-CKD, 2014 WL 1747467, at *2–4 (E.D. Cal. Apr. 29, 2014), *aff'd*, 636 F. App'x 965 (9th Cir. 2016); Lexington Ins. Co. v. United States, 465 F. Supp. 3d 1158, 1162–63 (W.D. Wash. 2020); Kirsch v. United States, No. 20-00265 HG-RT, 2021 WL 6694606, at *2–6 (D. Haw. Apr. 30, 2021).